**ORDERED.**

Ronald Ryan
Ronald Ryan PC
Attorney at Law
1413 E Hedrick Drive
Tucson Arizona 85719
(520)298-3333 fax: (520)743-1020
ronryanlaw@cox.net
AZ #018140 Pima County #65325

Dated: March 29, 2011



_____
**EILEEN W. HOLLOWELL**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA TUCSON

| | |
|---|---|
| IN RE:<br><br>ANTHONY TARANTOLA, DEBTOR<br>_____<br>ANTHONY TARANTOLA, PLAINTIFF<br><br>VS.<br><br>JP MORGAN CHASE BANK NA, formerly known as BANK ONE, N.A.,<br><br>DEFENDANT | Adversary No: 11-ap-00058-EWH<br><br>Case No: 09-9703-TUC-EWH<br><br>**ORDER AVOIDING SECONDARY LIEN ON REAL ESTATE**<br><br><br>Chapter 13 |

ON THIS day, came before this Court Debtor's Complaint to Avoid Defendant's Secondary Lien on Real Estate, complaining against Defendant, JP MORGAN CHASE BANK NA, formerly known as BANK ONE, N.A., and this Court finds that the Clerk has entered Default against Defendant. This Order pertains to the real estate that is "Debtor's Residence", or the "Property," which Debtor has claimed as their exempt real property homestead, described as follows:

>LOT 328 OF BEL AIR RANCH ESTATES ACCORDING TO THE MAP RECORDED IN BOOK 22 OF MAPS PAGE 57 RECORDS OF PIMA COUNTY ARIZONA, OR AS MORE COMMONLY KNOWN AS 11201 E HASH KNIFE CIRCLE 85749

The Secondary Deed of Trust Deed of Trust to which this proceeding pertains was

recorded April 18, 2003 at Pima County Recorder Docket 12032, page 712. Defendant filed a Proof of Claim purportedly secured by the Secondary Deed of Trust to which this action pertains. The Defendant having failed to file timely opposition to Debtor's Complaint, the court hereby ORDERS as follows:

(1) For purposes of Debtor's Chapter 13 plan only, the Lien is valued at zero. The Secondary Lienholder does not have a secured claim and the Lien may not be enforced, pursuant to 11 U.S.C. §§ 506, 1322(b)(2) and 1327.

(2) This order shall become part of Debtor's confirmed Chapter 13 Plan.

(3) Upon entry of a discharge in Debtor's Chapter 13 case, the Lien shall be voided for all purposes and, upon application by Debtor, the Court will enter an appropriate form of judgment voiding the Lien.

(4) If Debtor's Chapter 13 case is dismissed or converted to Chapter 7 before Debtor obtains a discharge, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable non-bankruptcy law and, upon application by Lienholder, the Court will enter an appropriate form of order restoring the Lien.

(5) Except as provided by separate, subsequent order of this Court, the Lien may not be enforced so long as this order remains in effect.

Dated and electronically signed above.

Entry requested:

/s/ Ronald Ryan
Ronald Ryan
Attorney for Debtor and Plaintiff

The above signature confirms that a copy of this proposed for of Judgment along with a copy of the Motion for Entry of Default Judgment was mailed to:
C T Corporation System 2394 E Camelback Rd Phoenix AZ 85016, Statutory Agent for JP Morgan Chase Bank NA, on March 28, 2011.